# United States Court of Appeals
# For the Ninth Circuit

| | |
|---|---|
| STEVE CHAMBERS, et al., an individual and for all others similarly situated, et al.,<br><br>Plaintiffs-Appellees<br><br>v.<br><br>W. ALLEN McDONALD,<br><br>Objector-Appellant,<br><br>WHIRLPOOL CORPORATION, a, Delaware Corporation, et al.,<br><br>Defendants, | No. 16-56364<br><br>D.C. No.<br>8:11-cv-01733-FMO-JCG<br>Central District of California<br>Santa Ana |

---

## RESPONSE TO ORDER TO SHOW CAUSE

---

Comes W. Allen McDonald ("McDonald"), Objector-Appellant, by and through the undersigned counsel, and responds to the Court's October 6, 2016 Order directing him to show cause why this appeal should not be dismissed for lack of jurisdiction as follows:

## I. PRELIMINARY STATEMENT

> *"[P]ractical, not technical considerations are to govern the application of principles of finality."*[1]

McDonald is a Class member who objected to the class action settlement in the District Court. In separate orders, the District Court struck McDonald's objection and explicitly forbade him (and others) from filing documents in the

---

[1] *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1949).

case. Along the way, the District Court also denied McDonald's request for electronic filing privileges, prohibiting McDonald – who resides 2200 miles away – from filing documents electronically or receiving electronic service of filed documents, causing delays in his receipt of orders and other documents.

At that point, his ability to timely receive notice of the District Court's proceedings having been thwarted [D.C. Doc. 299] (Exhibit 1)[2], his objection having been stricken in its entirety [D.C. Doc. 328](Exhibit 2), and his ability to seek reconsideration of those decisions by filing a motion under Federal Rule of Civil Procedure 59 having been strictly prohibited [D.C. Doc. 334](Exhibit 3), McDonald concluded that his only available recourse was to appeal the District Court's orders striking his objection and barring him from filing anything further in support of his objection in the District Court.

Significantly, as an objecting Class member, McDonald is technically not a "party" to the District Court proceedings. Thus, he was uncertain how the order striking his objection would impact his standing to appeal the District Court's ultimate decisions concerning final approval of the proposed settlement and the award of attorneys fees. Further, because his objection had been stricken, McDonald also did not know if he would even receive notice of the Final Judgment approving or rejecting the proposed settlement. If he did, it would be delayed, due

---

[2]References to the District Court docket will be made by the description, "D.C. Doc.," followed by the document number.

to the District Court having deprived him of electronic filing privileges. If he did not receive the Final Judgment, he could easily have missed the appeal deadline. Nor did McDonald know of the District Judge's timetable for ruling to enable him to know when to check the District Court's electronic docket. As is often the case in class actions, the District Judge could have taken several months to issue a ruling. Thus, McDonald filed a Notice of Appeal of the two aforementioned orders, twenty-five (25) days before the District Court entered its October 11, 2016 Final Judgment. Once the Final Judgment was entered [D.C. Docs. 351 and 352, Doc. 8 in this appeal], McDonald then filed an Amended Notice of Appeal [D.C. Doc. 354] (Exhibit 4), appealing the Final Judgment and a related order approving the settlement and awarding attorneys' fees.

Soon after, the District Court certified McDonald's notice of appeal as "frivolous" because McDonald had not awaited the District Court's Final Judgment disposing of all of the remaining claims, objections, and parties. This Court entered an order on October 6, 2016 acknowledging the possibility of a jurisdictional defect, directing McDonald to show cause by October 27, 2015 why his appeal should not be dismissed for lack of appellate jurisdiction. [Doc. 5].

In response, McDonald submits that his appeal is not premature. However, even if deemed premature, the appeal has ripened into a valid appeal and is nonetheless permissible under Federal Rule of Appellate Procedure 4(a)(2)), especially since (1) the District Court has now entered Final Judgment, (2) the

appellees would plainly suffer no prejudice, (3) this Court has taken no action on the merits of the appeal, and (4) McDonald has filed an Amended Notice of Appeal. After all, this Court takes "'a pragmatic approach to finality in situations where events subsequent to a non-final order fulfill the purposes of the final judgment rule," *Cato v. Fresno City*, 220 F.3d 1073, 1074-75 (9th Cir. 2000), and if the Court declines jurisdiction of this appeal, it would effectively elevate a mere technicality above the important substantive issues involved, as well as the right of the parties in this case to have their dispute resolved on its merits.

For all of this, McDonald respectfully submits that the Court has jurisdiction to hear his appeal, as amended.

## II. PERTINENT BACKGROUND

On June 1, 2016, McDonald's objection to the proposed settlement, signed by his Tennessee attorney, Christopher T. Cain ("Cain"), was filed in the District Court. [D.C. Doc. 236] (Exhibit 5). On July 11, 2016, unable to secure local counsel to obtain pro hac vice admission in the District Court, Cain notified the District Court that thereafter, McDonald, also a Tennessee attorney, would be representing himself pro se. [D.C. Doc. 257] (Exhibit 6). Accordingly, on July 14, 2016, McDonald applied for permission to electronically file documents, acknowledging that he met the requirements for obtaining such permission. [D.C. Doc. 264] (Exhibit 7). Significantly, from this date forward, until August 30, 2016, when he inexplicably barred the filing of documents by the parties or objectors

[D.C. Doc. 334], the District Judge imposed unreasonable obstacles on McDonald.

For instance,

> ■ On August 12, 2016, the District Judge denied as moot McDonald's application for electronic filing ("ECF") privileges because (according to the District Judge) "McDonald has no need to file additional documents and if leave is granted by the court, he can manually file any additional documents. Finally, he can access the public docket" [D.C. Doc. 299];
>
> ■ As a result, McDonald, who resides in Tennessee, nearly 2200 miles away from the District Court, received documents filed in the case via Unites States mail, on a significantly delayed basis, if at all;
>
> ■ Also, on August 12, 2016, the District Judge rejected McDonald's Reply Brief because McDonald had not obtained leave of court to file a reply [D.C. Doc. 300] (Exhibit 8);
>
> ■ Then, at the Fairness Hearing on August 25, 2016, without providing either notice to McDonald or an opportunity to respond, the District Judge struck McDonald's objection, essentially dismissing McDonald from the case [D.C. Doc. 328];
>
> ■ McDonald was not a "party" to the lawsuit, and not surprisingly, was uncertain whether he would receive future filings in the case;
>
> ■ Not only was the District Judge's ruling striking his objection [D.C. Doc. 328] contrary to the District Judge's earlier ruling that McDonald did not have any "need to file additional documents," as it turns out, the entire basis of the District Judge's decision to strike McDonald's objection was erroneous;[3]

---

[3]According to the Final Order entered on October 11, 2016, the District Judge accepted Class Counsel's representations that McDonald had been

■ As part of his Order on August 25, 2016, the District Judge also stated that "[u]nless the court orders otherwise and except as required by this Order, the parties shall not file any other motions, ex parte applications, or other papers in this case." [D.C. Doc. 328]. This order altogether prevented McDonald from making any effort to explain the actual circumstances surrounding Class Counsel's efforts to take his deposition or to otherwise defend his actions; and

■ On September 16, 2016, believing he had no practical alternative to preserve his ability to appeal the District Court's orders, McDonald filed a Notice of Appeal [D.C. Doc. 340, Doc. 1 in this appeal] from the District Court's August 25, 2016 Order striking his objection [D.C. Doc. 328] and the District Court's August 30, 2016 Order prohibiting McDonald from filing further motions or papers [D.C. Doc. 334]. But on September 30, 2016, the District Court entered another Order, this time certifying McDonald's appeal as frivolous [D.C. Doc. 350, at Page

---

ordered to give a deposition in the Eastern District of Tennessee after Class Counsel had issued a subpoena to him. [D.C. Doc. 351, at Page ID #:10440, Doc. 8, at p. 13, in this appeal] (stating that McDonald's objection was stricken after Class Counsel confirmed that McDonald "had refused to comply with class counsel's discovery requests."). To be clear, McDonald sought to quash the subpoena in the Eastern District of Tennessee because Class Counsel sought information regarding McDonald's representation of third parties in other class action settlements, including the terms of confidential settlements. [Exhibit 9]. The District Court's conclusion was premised on an Order Report and Recommendation from a Tennessee Magistrate which was entered on August 19, 2016, just six days before the Fairness Hearing in the District Court. [*Id.*]. Emails exchanged between the undersigned and Class Counsel demonstrate that Class Counsel knew very well that McDonald's attorney, the undersigned, was in a trial and not available for a deposition during the intervening period between the Magistrate's Report and Recommendation and the Fairness Hearing. [*See* Declaration of Christopher T. Cain] (Exhibit 10). Moreover, the Tennessee Magistrate did not imposed a deadline on McDonald to give a deposition. Unfortunately, McDonald was prohibited from explaining circumstances surrounding the Tennessee proceedings.

> ID #:10426](“[b]ecause there is no final judgment from which to appeal.”) (Exhibit 11).

In response to the District Court’s Order, on October 6, 2016, this Court entered its own Order, (1) observing that “[i]t appears that the orders challenged in this appeal may not constitute a final decision of the district court because the district court has not yet ruled on the pending motion for final approval of the class action settlement,” and (2) directing McDonald to show cause by October 21, 2016 why the appeal should not be dismissed for lack of jurisdiction. [Doc. ID: 10152246]. Shortly after this Court entered the Show Cause Order, on October 11, 2016, the District Court entered a Final Judgment [D.C. Doc. 352] and an Order [D.C. Doc. 351] (Doc. 8 in this appeal) granting Final Approval of the proposed settlement and awarding attorney’s fees.

On October 18, 2016, in an effort to preserve his right to appeal the District Court’s Final Judgment, McDonald (an attorney acting pro se in the District Court and precluded from having electronic filing privileges by the District Court) filed an “Amended Notice of Appeal” in the District Court, amending his original Notice of Appeal to include the District Court’s Final Judgment and Order approving the settlement and awarding attorneys’ fees to the judgment/orders from which an appeal was taken. [D.C. Doc. 354].

## III. LEGAL ARGUMENT

Initially, after the District Court’s orders, first striking McDonald’s objection, and then, prohibiting McDonald from filing any further documents in the case, it

was entirely reasonable for McDonald to believe that "[a]ll that remained was the clerk's ministerial task of entering" a final judgment against him. *Kendall v. Homestead Dev. Co. (In re Jack Raley Constr., Inc.)*, 17 F.3d 291, 294 (9th Cir. 1994) (alteration in original) (internal quotation marks omitted). In short, the District Court's orders striking McDonald's objection and prohibiting him from filing further documents in support of his objection had sufficient indicia of finality to trigger the savings provision of Rule 4(a)(2). After all, they completely disposed of McDonald's objection and were unlikely to be changed.

Assuming, however, that McDonald's appeal was premature, the Rules of Appellate Procedure and relevant authority nevertheless provide that a premature appeal can ripen into a valid notice of appeal when a final order is entered. *See* FRAP 4(a)(2). That is what should happen here. McDonald's appeal should not be dismissed, as the District Court has now entered its Final Judgment [D.C. Doc. 351 and 352] and McDonald has now amended his Notice of Appeal. [D.C. Doc. 354].[4]

[4]Importantly, McDonald's is the only objection that addresses the critical errors in the Notices sent by the Administrator to class members, *i.e.*, Notice stated (1) that claims were due on May 2, 2016 (which had already passed by the time the notice was received), and not June 27, 2016, the new deadline, and (2) that objections to the settlement and attorneys' fees were due on May 2, 2016, even though the District Court had already extended those dates to May 27, 2016 (objections to the settlement) and June 10, 2016 (objections to attorneys' fees).

Pursuant to FRAP 4(a)(2), McDonald's original appeal of the two District Court Orders is no longer premature, and his Amended Notice of Appeal is sufficient to appeal the District Court's Final Judgment approving the settlement and awarding attorneys' fees.

Importantly, this Court takes "'a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule.'" *Cato v. Fresno City*, 220 F.3d 1073, 1074-75 (9th Cir. 2000). (quoting *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1075 (9th Cir. 1994)); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (noting that among the virtues of the "final-judgment rule" is the avoidance of "piecemeal, prejudgment appeals"). Here, there is no danger piecemeal prejudgment appeals now that a Final Judgment has been entered.

Rule 4(a)(1) requires a party to file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Rule 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry." *See also FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 270 (1991) (holding that notice was timely when filed after the district court announced its intention from the bench but before entry of judgment); *Cato v. Fresno City*, 220 F.3d 1073, 1074-75 (9th Cir. 2000) (involving a notice of appeal filed within thirty days of the sanctions order, but an unspecified number of days

before final judgment; the court held that the defect in the immediate notice of appeal was cured by the later entry of final judgment).

Clearly, as the Second Circuit has observed, "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *Gavin/Solmonese LLC v. D'Arnaud-Taylor*, 639 Fed. Appx. 664, 666 (2d Cir. N.Y. 2016) (quoting *Berlin v. Renaissance Rental Partners, LLC*, 723 F.3d 119, 128 (2d Cir. 2013) (internal quotation marks omitted), cert. denied, 135 S. Ct. 113, 190 L. Ed. 2d 42 (2014)); *see also* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry"). Similarly, the Third Circuit has held in civil cases that, where there is no showing of prejudice by the adverse party and we have not taken action on the merits of an appeal, "'a premature notice of appeal, filed after disposition of some of the claims before a district court, but before entry of final judgment, will ripen upon the court's disposal of the remaining claims.'" *DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 215 (3d Cir. 2007) (quoting *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 585 (3d Cir. 1999)).

All of this is for good reason, since the United States Supreme Court has pronounced that "'practical, not technical considerations are to govern the application of principles of finality.'" *See Cape May Greene, Inc. v. Warren*, 698

F.2d 179, 185 (3d Cir. 1983) (quoting *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1949)). In an analogous case, *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 585 (3d Cir. 1999), objectors to a class action settlement filed a notice of appeal over two months before the district court gave its final approval on all elements of the settlement and entered a final judgment. In choosing to apply *Cape May Greene* in a later case, the Third Circuit explained that, "[f]or us to decline jurisdiction in this appeal would elevate a mere technicality above the important substantive issues here involved, as well as the right of the parties in this case to have their dispute resolved on its merits." *Id.* at 587.

And in the Tenth Circuit, when Rule 4(a)(4) is not implicated, that Court has adopted the procedure whereby a premature notice of appeal ripens if the court notifies "the parties of our observation of the apparent jurisdictional defect," and the parties "secure . . . an order or judgment explicitly adjudicating all remaining claims." *Sweger v. Texaco, Inc.*, 1991 U.S. App. LEXIS 8572, 7-8 (10th Cir. Feb. 22, 1991) (citing *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (en banc)); *see also* Fed. R. App. P. 4(a)(2).

It is significant that just five days after entry of this Court's Show Cause Order, on October 11, 2016, the District Court entered Final Judgment in the case and that thirteen (13) days later, McDonald filed an Amended Notice of Appeal. Accordingly, even if it was premature, McDonald's appeal ripened after entry of Final Judgment into a valid and timely appeal, vesting this Court with

jurisdiction. Having been filed after the District Court's orders and twenty-five (25) days before the Final Judgment, the appeal should be considered timely under Rule 4(a)(2).

Because Final Judgment has now been entered and there is no prejudice from a premature notice of appeal, this Court has appellate jurisdiction. In such an instance, permitting McDonald's notice of appeal to become effective when the Final Judgment was entered does not catch Appellees by surprise, and little, if anything, would be accomplished by prohibiting this Court from reaching the merits of McDonald's appeal. Applying all of this to the circumstances presented by McDonald's appeal, the Court should not dismiss the appeal.

Respectfully submitted, this 27th day of October, 2016.

*<u>/s/ Christopher T. Cain</u>*
Christopher T. Cain
SCOTT & CAIN
Suite 601
550 Main Street
Knoxville, TN 37902
Tel: (865) 525-2150

*Counsel for W. Allen McDonald*

## CERTIFICATE OF SERVICE

I, Christopher T. Cain, do hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This 27th day of October, 2016.

*Christopher T. Cain*
Christopher T. Cain